UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CIVIL DIVISION

OMNI AMELIA ISLAND, LLC,

    Plaintiff,

CASE NO.: 3:21-cv-01255

v.

AMELIA ISLAND PLANTATION
COMMUNITY ASSOCIATION, INC.,

    Defendant

_____/

### DEFENDANT'S MOTION TO DISSOLVE OR DISCHARGE *LIS PENDENS* AND ALL AMENDMENTS FILED BY PLAINTIFF OR ALTERNATIVELY TO REQUIRE PLAINTIFF TO POST A BOND

Defendant, AMELIA ISLAND PLANTATION ASSOCIATION, INC. ("AIPCA") by and through the undersigned attorneys, pursuant to Rule 65 of the Federal Rules of Civil Procedure, hereby files this, its Motion to Dissolve or Discharge *Lis Pendens* and all Amendments Filed by Plaintiff or Alternatively to Require Plaintiff to Post a Bond and in support thereof states as follows:

**BACKGROUND & SUMMARY BASIS FOR MOTION**

1.  In brief, this lawsuit concerns a challenge to a community of property owners' effort to change to the covenants and restrictions for their neighborhood. Stated

more specifically, this lawsuit concerns the property rights of more than 2,100 property owners in Nassau County, Florida whose residences and homes are situated within the Amelia Island Plantation ("AIP").

2. Plaintiff, OMNI AMELIA ISLAND, LLC ("Omni") while bringing the underlying declaratory judgment action simultaneously filed publicly recorded documents perpetuating a cloud on title, and the right to sell, to every parcel and property within AIP.  See Second Amended Notice of *Lis Pendens*, [Doc. 9].

3. AIPCA via this Motion to Dissolve or Discharge *Lis Pendens* and all Amendments Filed by Plaintiff or Alternatively to Require Plaintiff to Post a Bond (the "Motion"), requests that the Court review and dissolve this *lis pendens* and all amendments thereto.  Alternatively, AIPCA request that the Court require that Omni post a surety bond in a good and sufficient amount to protect the thousands of property owners whose property has been clouded by the *lis pendens* asserted by Omni.

4. In support of this Motion AIPCA avers that the *lis pendens* should be dissolved or discharged because:

    a. The *lis pendens* fails to substantively comply with applicable Florida Statutes;

  b. Indispensable parties impacted by the *lis pendens* have not been joined to this lawsuit to address or be heard on the restraint imposed by Omni;

  c. The *lis pendens* is procedurally defective;

  d. That Omni has failed to satisfy a material condition precedent to maintain this lawsuit on which the *lis pendens* is founded and, therefore, the action is defective; and

  e. The underlying lawsuit fails to establish subject matter jurisdiction.

5. Alternatively, AIPCA submits that if the *lis pendens* is not dissolved or discharged Omni should be required to post a bond in an amount sufficient to protect all property owners who own property, title to which has been clouded by Omni's filing of the *lis pendens*.

6. On the foregoing bases and in accordance with Rule 65, Federal Rules of Civil Procedure and Local Rule 3.01, U.S. District Court for the Middle District of Florida, AIPCA requests the following alternative forms of relief:

  a. Dissolution or discharge of the *lis pendens* filed by Omni and all amendments thereto; or

  b. The establishment and requirement of a bond to be posted by Omni.

7. The supplemental factual and legal basis on which each argument raised in this Motion is based is set forth in detail in the following Memorandum of Law.

WHEREFORE, the Defendant, AMELIA ISLAND PLANTATION COMMUNITY ASSOCIATION, INC. respectfully requests that this Court grant this Motion and provide relief consistent with this Motion and the alternative bases for relief sought herein, and for such further and other relief as may be just and proper.

## MEMORANDUM OF LAW

**I.  Undisputed Relevant Facts Alleged in Complaint and Exhibits**

8.  AIP is governed by documents including, *inter alia*, A) the Amendment by Restatement of the Declarations of Covenants and Restrictions ("Declarations") for Amelia Island Plantation, Nassau County, Florida, and Provisions for the Amelia Island Plantation Community Association, Inc., and the B) Class "A" Covenants, C) Class "B" Covenants.  See Complaint at ¶¶ 15 and 20, and its Exhibit C, Exhibit D, and Exhibit E [Doc 1, 1-3, 1-4, and 1-5][1].

9.  Omni is a successor in interest to the original developer of AIP.  *Id*. at ¶ 9, Exhibit A and Exhibit B [Doc. 1, 1-1 and 1-2].

10.  AIPCA is a homeowner's association governed by Chapter 720, Florida Statutes, and is a not for profit corporation.  *Id*. at ¶ 13.

---

[1] Citations in this Motion and memorandum will largely reference the Complaint and its exhibits and will so note accordingly.  Any exhibits made a part of this Motion will be referenced numerically, i.e., Exhibit 1, etc.

11. The Class "A" Covenants for AIPCA provide the following in relevant part:

> All covenants, restrictions and affirmative obligations set forth in this Declaration shall run with the land and shall be binding on all parties and persons claiming under them to specifically include, but not be limited to, the successors and assigns, if any, of the Amelia Island Company for a period of twenty-five (25) years from the execution date of this Declaration except the special restrictions and covenants affecting Open Space Areas, and they shall differ in no particular save they shall run for a period of fifty (50) years from the date so specified and designated on the relevant and applicable plat, after which time, **all said covenants shall automatically extend for successive periods of ten (10) years, unless an instrument signed by a majority of the then owners of lots substantially affected by such change in covenants, has been recorded, agreeing to change said covenants in whole or in part.** Unless the contrary shall be determined by a court of equity jurisdiction, "substantially affected" shall mean those lots shown on (a) plat showing the lots to be modified in permitted use by the change, and (b) the plats which subdivided the property immediately abutting the plat described in (a).

*See Id.* at Exhibit D [Doc. 1, 1-4], Class A Covenants, Part VI, Sec 1 (Page 12 of 22). (Emphasis supplied.)

12. The Class "B" Covenants for AIPCA provide the following in relevant part:

> All covenants, restrictions and affirmative obligations set forth in this Declaration shall run with the land and shall be binding on all parties and persons claiming under them to specifically include, but not be limited to, the successors and assigns, if any, of the Amelia Island Company for a period of twenty-five (25) years from the execution date of this Declaration except the special restrictions and covenants affecting Open Space Areas, and they shall differ in no particular save they shall run for a period of fifty (50) years from the date so specified and designated on the relevant and applicable plat, after which time, **all said covenants shall automatically extend for successive periods of ten (10) years, unless an instrument signed by a majority of the then owners of lots substantially affected by such change in covenants, has been recorded, agreeing to change said covenants in whole or in part.** Unless the contrary shall be determined by a court of equity jurisdiction, "substantially affected" shall mean those lots shown on

>   (a) plat showing the lots to be modified in permitted use by the change, and
>   (b) the plats which subdivided the property immediately abutting the plat described in (a).

*See Id.* at Exhibit E [Doc. 1, 1-5], Class B Covenants, Part IV, Sec 1 (Page 11 of 22). (Emphasis supplied.).

13. The Class "A" Covenants and Class "B" Covenants[2] cannot be amended by AIPCA and, instead, can only be amended by a majority of the property owners substantially affected by a change in the covenants. *See* Complaint [Doc. 1] at ¶ 22, and Exhibit D [Doc. 1-4 and Exhibit E [Doc. 1-5].

14. The core dispute in this case concerns two proposed amendments to the Class "A" Covenants and the Class "B" Covenants: a) an amendment to Omni's Right of First Refusal ("ROFR"); and b) an amendment to the governance of the Architectural Review Board ("ARB"). See Complaint [Doc. 1] at ¶¶ 23-24 (as to ARB), and at ¶¶ 25-29 (as to ROFR).

15. Omni filed and recorded an Amended Notice of *Lis Pendens* and recorded the instrument in Official Records Book 2523, Page 19 under Instrument Number 202145046738, of the public records of Nassau County, Florida.

16. Omni filed its Second Amended Notice of *Lis Pendens* in this case, on or about December 28, 2021. [Doc. 9]. That instrument states in relevant part:

---

[2] The Class "A" Covenants and the Class "B" Covenants when referenced collectively hereafter will be referred to as the "Covenants".

> …
> (i) The property that is the subject matter of this action is in Nassau County, Florida and is described in the Class A Covenants, the Class B Covenants, the AIPCA Covenants, and all of which relate to the real property described on Exhibit B attached hereto (the "Real Property").
> …
>
> Real Property
>
> All of that real property known as "Amelia Island Plantation" located on Amelia Island in Nassau County, Florida and nearby areas which are part of the Amelia Island Plantation as described on the Amelia Island Company's Master Development Plan, as revised from time to time, including all lands that were subject to the Class A Covenants, the Class B Covenants, and the AIPCA Covenants as described in Paragraph (a), Paragraph (b) and Paragraph (c) of the above-referenced Amended Notice of Lis Pendens (collectively, the "Covenants") that was subjected to the Covenants as applicable pursuant to any deeds or other instruments from Amelia Island Company or its successors or assigns, referencing said Covenants or otherwise incorporating the same by reference.

See Second Notice of Lis Pendens [Doc 9.].

17. AIPCA adopts the further and supplemental factual statements in its Motion to Dismiss Complaint. See Motion to Dismiss Complaint. [Doc 12].

**II.   The Lis Pendens Should be Dissolved/ Discharged**

  *A.   Applicable Standards*

A federal court has the authority to use Florida Statute § 48.23(3) to discharge a recorded notice of *lis pendens* "when the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien … or when the action no longer affects the subject property." Fla. Stat. § 48.23(c)(2). In *Beefy King Int'l, Inc. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir. 1972), the Court of Appeals affirmed a

7
COLE, SCOTT, KISSANE, P.A.
4190 BELFORT ROAD, SUITE 300
JACKSONVILLE, FLORIDA 32216-1461, - (904) 672-4100 (904) 672-4050 FAX

trial court's discharge of a *lis pendens* under Florida law because the court "determined that the suit does not directly affect the real property."

Under Florida law, "the proponent of a notice of *lis pendens* has the burden of proof to show a fair nexus between the property and the dispute." *Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc.*, 675 So. 2d 915, 917 (Fla. 1996) (citing *Chiusolo v. Kennedy*, 614 So. 2d 491 (Fla. 1993)). "A complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of *lis pendens*." *Lake Placid Holding Co. v. Paparone*, 414 So. 2d 564, 566 (Fla. 2d DCA 1982).

The purpose of a notice of *lis pendens* is to warn all persons that the title to property is in litigation and that they are in danger of being bound by an adverse judgment. *Berkley Multi–Units, Inc. v. Linder*, 464 So.2d 1356 (Fla. 4th DCA 1985). A notice of lis pendens indicates that there is a cloud on the title to the property involved. *Feinstein v. Dolene, Inc.*, 455 So.2d 1126 (Fla. 4th DCA 1984); *Mohican Valley, Inc. v. MacDonald*, 443 So.2d 479 (Fla. 5th DCA 1984).

"A *lis pendens* is a harsh and oppressive remedy because it operates as a cloud on the title and effectively prevents an owner from selling the property." *Phillips v. Epic Aviation, LLC*, 234 F. Supp. 3d 1174, 1210 (M.D. Fla. 2017) (citing, *Avalon Assocs. of Delaware Ltd. v. Avalon Park Assocs., Inc.*, 760 So.2d 1132, 1134 (Fla.

5th DCA 2000). "Under Florida law, a *lis pendens* is proper only when the required relief might specifically affect the property in question. There is no other justification for burdening the alienability of property pending the outcome of a lawsuit." *Phillips* at, 1210 (M.D. Fla. 2017); *Ross v. Breder*, 528 So.2d 64, 65 (Fla. 3d DCA 1988) (quoting *Beefy King Int'l, Inc. v. Veigle*, 464 F.2d 1102 (5th Cir. 1972).

    B.    Technical Requirements of Lis Pendens Not Met

Florida Statutes § 48.23 governs the substantive requirements of a notice of *lis pendens* and, in pertinent part provides:

> (c)1.   A notice of lis pendens must contain the following:
>    a.   The names of the parties.
>    b.   The date of the institution of the action, the date of the clerk's electronic receipt, or the case number of the action.
>    c.   The name of the court in which it is pending.
>    d.   A description of the property involved or to be affected.
>    e.   ***A statement of the relief sought as to the property***.

Florida Statutes § 48.23. (Emphasis supplied).

A *lis pendens* fails to comply with the statutory requirements of Florida Statutes § 48.23 (1)(c)(1)(e) by failing to provide a statement of the relief sought. *See, DeGuzman v. Balsini*, 930 So. 2d 752, 755 (Fla. 5th 2006), citing, *Bothmann v. Harrington*, 458 So.2d 1163, 1168 n. 5 (Fla. 3d DCA 1984) (notice of *lis pendens* is procedurally defective if it fails to contain all of the required information under §

48.23(1)(a), Florida Statutes. *See Joge Investments, Inc. v. Millennium Capital*, 724 So.2d 728 (Fla. 2d DCA 1999).

Here, the Second Amended *Lis Pendens* fails to specify a statement of the relief sought as to all of the property which is encompassed by the instrument – specifically, all of the property within AIP. For want of this requirement, the *lis pendens* is defective and should be dissolved or discharged.

C. *Failure to Join Parties Subject to Lis Pendens*

When a property owner is not named as a party to an action in the complaint, any *lis pendens* filed against that property owner is without legal basis and must be dissolved. *See Marbin v. Cohen*, 789 So.2d 1193 (Fla. 4th DCA 2001) (holding that *lis pendens* should be discharged against property owner that was not joined in the action below); *HOPO Corp. v. Keller*, 798 So.2d 889 (Fla. 4th DCA 2001) (quashing trial court's order denying the motion to dissolve the *lis pendens* filed against HOPO because HOPO had not been joined as a party in the pending dissolution of marriage action); *M.G. Marine Supply Corp. v. Foreign Trade, Inc.*, 537 So.2d 696 (Fla. 3d DCA 1989) (holding *lis pendens* was fatally defective where burdened property owner was not named in the complaint); *see also Loidl v. I & E Group, Inc.*, 927 So.2d 1016 (Fla. 2d DCA 2006).

In the instant case Omni willfully neglected to join thousands of property owners to the lawsuit before filing its defective *lis pendens*. This renders the *lis pendens* further defective and subject to discharge or dissolution.

D.   *Overbreadth of the Lis Pendens*

Overbreadth in the description of property subject to a *lis pendens*, based on the nature of the relief sought by a lawsuit requires dissolution of the *lis pendens*. *See Sailfish Point Inc., et al. v. Sailfish Point Owners Representatives by Jaffe*, 679 So.2d 1283 (Fla. 4th DCA 1996). This is because an overbroad description in a notice of *lis pendens* would, in effect, encumber more security than any purported lien which it embraces, and as such would unnecessarily deprive the property owners of such financial benefits as selling unencumbered property or mortgaging out their equity. *See Coral Isle West Ass'n, Inc. v. Cindy Realty, Inc.*, 430 F.Supp 396 (S.D. Fla. 1977) citing *Beefy King Int'l. v. Veigle*, 464 F.2d 1102 (5th Cir. 1972).

In the present lawsuit while Omni sues only AIPCA and, therefore, arguably only seeks a declaration as to AIPCA owned property, its *lis pendens* seeks to attach to all property within AIP. This is far broader than the extent of the lawsuit based on the current pleadings.

D.   *Lis Pendens Lacks "Fair Nexus" to Litigation*

Omni's lawsuit concerns only AIPCA's alleged conduct in facilitating changes to the Covenants and seeks a declaration as to what Omni alleges are improprieties. However, Omni claims some unconnected right to encumber property owned by every property owner of AIP. No part of the lawsuit alleges a lien on any property, much less a lien on thousands of properties. As a result, the *lis pendens* lacks a "fair nexus" to the litigation. *DeGuzman v. Balsini*, 930 So.2d 752 (Fla. 5th 2006). Because of this overbreadth, the *lis pendens* should be discharged or dissolved.

E. *Failure of Condition Precedent*

While Omni alleges that it has satisfied the mandatory pre-filing requirement for requesting a pre-suit mediation under Florida Statutes § 720.311, that allegation is wholly nullified by its attached and incorporated Exhibit F. See Complaint [Doc. 1] at Exhibit F [Doc. 1-10]. As argued in more detail in AIPCA's Motion to Dismiss Complaint [Doc. 12], Omni has failed to comply with the mandatory provisions of Fla. Stat. § 720.311. This deficiency render Omni's lawsuit defective, but more importantly requires the dissolution of the *lis pendens*. When a complaint is subject to dismissal, the lawsuit will not support a *lis pendens*. *See Bedasee v. Franklin*, 2017 WL 519095 (M.D. Fla. 2017)

F. *Omni's Lawsuit Fails to Establish Subject Matter Jurisdiction*

AIPCA's Motion to Dismiss Complaint argues in detail that Omni failed to establish subject matter jurisdiction in its pleadings. See Motion to Dismiss which is adopted and incorporated by this reference. [Doc. 12]. Again, when a lawsuit is subject to dismissal, no *lis pendens* on the defective lawsuit is proper. *See Bedasee v. Franklin, supra*.

    G.    *Omni Should be Required to Post a Bond if the Lis Pendens is not Discharged*

A covenant running with the land which is "recorded does not automatically transform the document[ ] into a statutory predicate for a *lis pendens* as of right." *Ross v. Breder*, 528 So. 2d 64, 65 (Fla. 3d DCA 1988). *See also Glusman v. Warren*, 413 So.2d 857 (Fla. 4th DCA 1982). The covenant running with the land does not put a good faith purchaser on notice that there is a cloud on the title. See Ross, 528 So.2d at 65; *Mohican Valley, Inc. v. MacDonald*, 443 So.2d 479 (Fla. 5th DCA 1984).

Thus, ***if*** a party is entitled to a *lis pendens* a defendant property owner is entitled to a hearing at which a reasonable bond is required to be set to protect the property owner from the danger of irreparable harm. *See Ross*, 528 So.2d at 65; *Feinstein v. Dolene, Inc.*, 455 So.2d 1126 (Fla. 4th DCA 1984); *see also Lakeview Townhomes at California Club, Inc. v. Lakeview of California Club Homeowners Ass'n, Inc.*, 579 So. 2d 290, 291 (Fla. 3d DCA 1991).

While AIPCA believes that Omni has no right to file and record a *lis pendens*, to the extent the Court disagrees, the Court nevertheless has the power to control the notice of *lis pendens* by discharging it or requiring the Omni to post a bond. Fla. Stat. § 48.23(3); *see, Fischer v. Fischer*, 873 So. 2d 534, 535-36 (Fla. 4th DCA 2004).

In light of Omni's desire to assert a *lis pendens* and impair the alienability of every property within AIP, it is only reasonable that Omni be required to post a bond consistent with the value of **all property** which it seeks to encumber by its *lis pendens*.

## V.    Conclusion

In summary, AIPCA submits that like its lawsuit generally, Omni's *lis pendens* has critical defects that require its discharge and dissolution.  Chief among those defects is the prospect that Omni seeks a *lis pendens* over thousands of property owners not joined in this lawsuit.  The *lis pendens* is both technically and procedurally deficient on its face.  The *lis pendens* is also defective when, as yet, Omni has failed to satisfy critical litigation thresholds of establishing subject matter jurisdiction and satisfaction of conditions precedent making its lawsuit defective.  For all of these defects the *lis pendens* should be dissolved and/ or discharged.  Alternatively, Omni should be required to post a bond sufficient to redress the harm

CASE NO.: 3:21-cv-01255-HES-PDB

that could be suffered by the thousands of property owners against whom Omni asserts their *lis pendens*.

WHEREFORE, the Defendant, AMELIA ISLAND PLANTATION COMMUNITY ASSOCIATION, INC. respectfully requests that this Court grant this Motion and provide relief consistent with this Motion and the alternative bases for relief sought herein, and for such further and other relief as may be just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned hereby certifies that the undersigned has conferred with counsel for Plaintiff by telephone on January 18, 2022 that the parties do not agree on the resolution of any aspect of the motion and that this motion is opposed; however, counsel for Omni will be requesting authority for a mediation from Omni.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant AMELIA ISLAND PLANTATION COMMUNITY ASSOCIATION, INC.*
> Cole, Scott & Kissane Building
> 4686 Sunbeam Road
> Jacksonville, Florida 32257
> Telephone (904) 672-4099
> Facsimile (904) 672-4050
> Primary e-mail: trevor.hawes@csklegal.com
> Secondary e-mail: kimberly.dodgen@csklegal.com;
> tammy.lewis@csklegal.com

CASE NO.: 3:21-cv-01255-HES-PDB

By: s/ Trevor G. Hawes
TREVOR G. HAWES, *Lead Counsel*
Florida Bar No.: 521531

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of January, 2022, a true and correct copy of the foregoing was served by e-mail message to the following parties registered with the e-Filing Portal system: Cindy A. Laquidara, Esq., Lead Counsel, Howard J. Harrington, Esq., Akerman LLP, 50 North Laura Street, Suite 3100, Jacksonville, Florida 32202 and filed with the Court's CM/ECF filing system.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant AMELIA ISLAND PLANTATION COMMUNITY ASSOCIATION, INC.*
Cole, Scott & Kissane Building
4686 Sunbeam Road
Jacksonville, Florida 32257
Telephone (904) 672-4099
Facsimile (904) 672-4050
Primary e-mail: trevor.hawes@csklegal.com
Secondary e-mail: kimberly.dodgen@csklegal.com;
tammy.lewis@csklegal.com

CASE NO.: 3:21-cv-01255-HES-PDB

By: s/ Trevor G. Hawes
TREVOR G. HAWES, *Lead Counsel*
Florida Bar No.: 521531