UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OMNI AMELIA ISLAND LLC, a Delaware limited liability company,

    Plaintiff,

vs.

CASE NO.: 3:21-cv-01255

AMELIA ISLAND PLANTATION COMMUNITY ASSOCIATION, INC., a Florida not-for-profit corporation,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Omni Amelia Island, LLC ("Omni" or "Plaintiff") submits this Memorandum of Law in Opposition to Defendant's, Amelia Island Plantation Community Association, Inc. ("Defendant" or "AIPCA"), Motion to Dismiss the Complaint (Doc. 12), and states in accordance with the allegations in the Complaint and the applicable law, the Motion to Dismiss should be denied, as is exposited upon below.

## I.     INTRODUCTION.

Plaintiff, Omni, is the owner of the Omni Amelia Island Resort Hotel in Amelia Island, Florida (the "Resort").  Amelia Island Plantation (the "Development") is unique in that the Resort is a significant aspect of the Development. (Complaint ¶ 6, 7, 8).  Omni's interest in the Development and Resort was purchased in bankruptcy for $67.1 million, in 2010. (Complaint ¶ 9). Since acquiring the Resort, Omni Amelia has invested an additional $110 million to improve and expand the Resort.  (Complaint ¶ 10).  Included in what Omni Amelia purchased in bankruptcy, is the 1974 Declaration as Amended, the Class A Covenants and the Class B Covenants. (Complaint ¶ 12, 15, 19, 20).   The Declaration and Covenants grant Omni Amelia certain rights that cannot be taken away by third parties. (Complaint ¶ 25, 26). It is pleaded that Amelia Island Plantation is a resort community where the development as a whole is intertwined with the Resort, to all the owners' benefit. (Complaint ¶ 29). Hence the $177.1 million invested in the Omni Amelia Island Resort,  is to everyone's benefit, and the Declaration, and other recorded documents are an integral part of the Omni's acquired value. (Complaint ¶ 9, 10).

The Complaint has two causes of action. Count I of this action is for declaratory relief under the federal Declaratory Judgement Act, 28 U.S.C. section 2201. (Complaint ¶ 49-58).  Count II of the Complaint is for injunctive relief.

(Complaint ¶ 59-73). Defendant's Motion to Dismiss, which is without merit based on the applicable law and the facts set forth in the Complaint, alleges that: 1) the Complaint fails to allege subject matter jurisdiction under the Declaratory Judgement Act; 2) the Complaint fails to join indispensable parties; and (3) the Complaint fails to state a claim. (Defendant's Motion To Dismiss at 9, 15, 19).

Plaintiff will address each of Defendant's arguments, *seriatim.*

## II.     SUBJECT MATTER JURISDICTION.

### A.  Legal Standard.

28 U.S.C. § 2201(a) provides that "in a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Harris Corp. v. Federal Express Corp.*, 670 F.Supp.2d 1306, 1309 (M.D. Fla., 2009). "The purpose of declaratory judgment actions . . . is to resolve outstanding controversies without forcing a putative defendant to wait to see if it will be subjected to suit." *See D.H. Pace Company, Inc. v. OGD Equipment Company, LLC*, 515 F. Supp. 3d 1316, 1324 (N.D. Ga. 2021); *Am. Ins. Co. v. Evercare Co.*, 699 F. Supp. 2d 1355, 1359 (N.D. Ga. 2010).

When determining whether a court has subject-matter jurisdiction under the federal Declaratory Judgment Act, the court is required to evaluate whether

there exists an "actual controversy" which is congruent with the "case or controversy" requirement of Article III of the United States Constitution. *Cafe La Trova LLC v. Aspen Specialty Ins. Co.*, 519 F. Supp. 3d 1167, 1174 (S.D. Fla. 2021). This is done on a case by case basis *Id*. For a justiciable controversy to exist, there must be a "substantial, definite and concrete dispute touching the legal relations of parties having adverse legal interests." *Donovan v. Rivadeneira*, 21-20499-CIV, 2021 WL 3909837, at *3 (S.D. Fla. Aug. 31, 2021). An actual controversy exists when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Mt. Hawley Insurance Company v. Tactic Security Enforcement, Inc.*, 252 F. Supp. 3d 1307, 1309 (M.D. Fla., 2017). The U.S. Supreme Court has also held that whether a controversy exists is to be decided in light of "all the circumstances." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007).

    B. <u>An Actual Controversy Exists Under Well-Established Precedent</u>.

Defendant brings a facial attack on subject matter jurisdiction, contending that Plaintiff has not pleaded an actual case or controversy under the Declaratory Judgment Act. *Mt. Hawley Insurance Company v. Tactic Security*, 252 F. Supp. 3d 1307, 1308 (M.D. Fla. 2017) (holding facial attacks only require the court to determine if the plaintiff has alleged a sufficient basis for subject matter

jurisdiction), citing *Lawrence v. Dunbar*, 919 F. 2d 1525, 1528-29(11th Cir. 1990). Plaintiff has brought this claim under 28 U.S.C. Sections 2201-2202 seeking a Declaration regarding binding covenants where the Defendant has interpreted the binding covenants in a manner causing present harm to the Plaintiff, to remove existing rights that Plaintiff has in accordance with a recorded document. (Complaint ¶ 1, 4). The Motion to Dismiss misapplies the case law, and erroneously fails to apply the pleaded facts to the proper standard of review, which, as set forth below, clearly alleges an actual controversy under the Declaratory Judgment Act. Omni has satisfied the pleading requirement by pleading facts that identify a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Mt. Hawley Insurance Company*, 252 F. Supp. 3d 1307.

Specifically, a substantial controversy exists because the actions of the Defendant having introduced, into a Resort Community, the uncertainty over whether the Resort within the Resort Community has a right to exercise a Right of First Refusal, running with the land, that cannot be modified by the residential owners, by claiming that the Defendant can indeed remove that right, and can do so by seeking the vote of property owners other than Omni. In doing so, Defendant has injected great uncertainty in the market for the Resort and the holdings of the Plaintiff through Defendant's actions. (Complaint ¶ 1, 4, 25, 29, 43,

46, 73). In short, the Plaintiff holds rights that give Plaintiff a right of first refusal over the sale of residential property in the Amelia Island Development, and purchased and recorded those rights in 2010. (Complaint ¶ 49-58). They are recorded and cited in the Complaint as granting Plaintiff those rights. (Complaint ¶ 12, 16, 20, 21). Defendant refuses to recognize those rights, and has publicly called for the removal of those recorded rights via a vote, which Plaintiff contends is invalid. (Complaint ¶ 34, 35).

Omni has also pleaded that the Resort and the Amelia Island Resort Community are co-dependent, and each derives value from the other; if one begins to lose market value, the other will lose market value as well. (Complaint ¶ 26, 29). Regardless of whether the Defendant AIPCA admits this fact, Omni has purchased and owns such rights, which are recorded in the real property records of Nassau County, and which Omni contends cannot be removed from the records of Nassau County by anyone but Omni, demonstrates an actual controversy. (Complaint ¶ 9, 12, 20, 43). In short, this unauthorized action by AIPCA is precisely why Omni's Right of First Refusal as to the residential properties within the Resort Community is so important, and why Omni invested millions of dollars to acquire the assets of the Amelia Island Company which includes the real property in this dispute and the Right of First Refusal of each. (Complaint ¶ 9).

Moreover, the AIPCA amendments create a cloud on Omni's title derived from the Declaration and Covenants as alleged, and injuries Plaintiff by doing so. Indeed, AIPCA's actions seeking a vote, is a *res ipsa loquitor* as to the cloud on the title of the property in the Development as a whole. (Complaint ¶ 34, 38, 43, 44, 46, 73).

These allegations alone are more than sufficient under Art. III of the United States Constitution and under the Declaratory Judgment Act, to provide a cause of action in an action where the parties are diverse. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938); *Mt. Hawley Insurance Company*, 252 F. Supp. 3d 1307 (holding the facts alleged in the Second Amended Complaint clearly articulate a ripe and justiciable controversy between *Mt. Hawley and Tactic*).

The facts cited above and below independently confirm, again, the existence of subject matter jurisdiction. The actual controversy is pleaded in the Complaint paragraphs 7 (the damage caused by Defendant can total millions of dollars), paragraphs 9, 10 (Plaintiff paid over $177 million dollars for its property which includes the rights in Exhibit A) (*id.*), and paragraphs 16, 17, 22, 26.  The Declaration cited as Composite Exhibit C therein provides Plaintiff with additional rights and AIPCA with limited rights.  *Id.*  Among those rights is the right of first refusal (paragraph 25); that AIPCA has approved a resolution to fund and effect

an amendment to Omni's Right of First Refusal (paragraph 32) to remove the right; that the AIPCA had signed previously an agreement recognizing it had no to power to amend the Class A or Class B covenants, (paragraph 25), provides Omni Amelia with an inviolate right of first refusal, and also incorporates Exhibit H which is that memorandum (paragraph 35). Further AIPCA has sent a formal letter to residents notifying them of the Board's intent to remove the right of first refusal (paragraph 35) thus removing any doubt that there is an actual controversy between the parties.

There is a significant existing dispute between the parties with regard to whether the Declaration can be changed by the AIPCA through a vote. It is Omni's consistent position that its rights cannot be eliminated from the recorded documents by a vote of various real property owners and can only be removed by Omni itself. The Defendant has determined that it can take those rights from Omni. *Supra, in passim.*, pages 3-17; Omni has pleaded that these actions have caused uncertainty, (which if anything, is an understatement) and threated to affect marketable title to the Omni Amelia by clouding its right of first refusal, diminishing the value of the Resort, and otherwise damages the Plaintiff. (Complaint ¶ 42-46). Such allegations fall squarely within the Declaratory Judgment Act, and are indeed classic examples of an actual controversy sufficient to invoke subject matter jurisdiction. between the parties that invoked properly

this Court's subject matter jurisdiction. See *Mt. Hawley Insurance Company*, 252 F. Supp. 3d 1307.

The foregoing is more than ample to demonstrate under Art. III, what is apparent to all parties concerned: there is a significant, actual, dispute between the parties that invoked properly this Court's subject matter jurisdiction. see *Mt. Hawley Insurance Company*, 252 F. Supp. 3d 1307 (holding that, when the facts and circumstances indicate that a claim or action is likely to be brought, the claim has sufficiently ripened to warrant declaratory judgment); *Hartford Fire Ins. Co. v. Peninsula Logistics, Inc.*, 2014 WL 1416339, at *1 (M.D. Fla. 2014) (finding that the court may look outside of the pleadings and attached exhibits to the factual circumstances when determining whether the court has jurisdiction in determining whether an action is ripe); *LVL Co., LLC v. Atiyeh*, 469 F. Supp. 3d 390, 426 (E.D. Pa., 2020) (holding that there was actual controversy arising out of restrictive covenants and the Right of First Refusal that prohibited seller from using billboard in a declaratory action).

    C.  <u>The Issues Are Sufficiently Ripe</u>.

When determining whether a declaratory judgment action is sufficiently ripe, a court should permit a claim for declaratory judgment to proceed where declaratory relief would (1) serve a useful purpose in clarifying and settling legal relations in issue, and (2) terminate and afford relief from uncertainty, insecurity,

and controversy giving rise to proceeding. *Mt. Hawley Insurance Company*, 252 F. Supp. 3d 1307; *Hartford Fire Ins. Co. v. Peninsula Logistics, Inc.*, 2014 WL 1416339, at *1 (M.D. Fla. 2014) (holding a case is ripe for adjudication when the "question presented is 'fit for judicial review,' such that the controversy is entirely or substantially a question of law" and is not speculative or contingent upon facts that have not yet materialized.); *LVL Co., LLC v. Atiyeh*, 469 F. Supp. 3d 390, 426 (E.D. Pa. 2020) (finding that here was actual controversy arising out of restrictive covenants and the Right of First Refusal that prohibited seller from using billboard in a declaratory action where the entity being enjoined was not a party to the covenants but benefited from them).

Moreover, "[d]ecisions on ripeness are fact sensitive." *New Life Outreach Ministry Inc. v. Polk Cnty.*, 2007 WL 2330854, at *2 (M.D. Fla. Aug. 14, 2007). Here, of course, on a Motion to Dismiss, the only question is whether the facts have been sufficiently alleged.

As elaborated above, this claim is ripe, as alleged, as the Complaint contains allegations that the Defendant has introduced into the Resort Community, the uncertainty over whether the Resort within the Resort Community has a right to exercise its recorded Right of First Refusal, running with the land, that cannot be modified by the residential owners, and in doing so has injected great uncertainty into the ownership rights, and the market for the Resort. The Court's action would

resolve the relative rights of Omni under the Declaration and the actual scope of the powers AIPCA has under those documents, as well as the Class A and Class B Covenants, with respect to the actions it took and continues to take to remove Omni's rights via a vote by parties other than Omni. (Complaint ¶ 34, 35). Further, the Court in issuing a declaratory judgement can immediately terminate and afford relief to Omni from the uncertainty, insecurity, and controversy giving rise to proceeding. *Mt. Hawley Insurance Company*, 252 F. Supp. 3d at 1309. (denying a motion to dismiss and holding the court should permit a claim for declaratory judgment as being a substantial controversy when the declaratory relief would "serve a useful purpose in clarifying and settling the legal relations in issue" and "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.")  It cannot be gainsaid that the legal dispute between the parties over whether the AIPCA can invalidate Omni's right of first refusal via the vote of anyone who is not Omni, would serve the useful purpose of clarifying and settling the legal issues and afford relief from uncertainty, and therefore the Motion should be denied.

Further, the Defendant confuses the requirements of what a declaratory action claim must allege in order to be sufficiently ripe, and states that this claim is not ripe because "the Complaint lacks any allegation of actual harm to Omni emanating from the challenged amendments to the Covenants, the only logical

conclusion is that Omni's entire lawsuit concerns some possible future harm." (Defendant Motion to Dismiss at 14).   But this is not the standard applied by the court in declaratory judgment actions.  *See, e.g.*, the discussion and holdings by the court in *Mt. Hawley Insurance Company*, 252 F. Supp. 3d at 1307-1309.  Defendant recites that "Omni has not alleged that without the ROFR its operations or properties are being harmed," and that "Omni has regularly conditionally waived" its ROFR and that Omni has only exercised its ROFR a total of 12 times combined for both Class "A" and Class "B" properties.   The allegation is that Defendant is taking actions to, and believes it has a process available to it to, remove the recorded benefits to Omni in the Declaration and Covenants. Omni and AIPCA *directly* contest the issue of whether AIPCA or any party other than Omni has the legal right to cancel and remove the right of first refusal purchased and recorded by Omni, and clearly running to its benefit via the Declaration.   Plaintiff has alleged that the Declaration contains no such grant of power to AIPCA and the AIPCA believes it does and is acting upon this erroneous belief:  an actual controversy, clearly.

This controversy is alleged and elaborated on in the complaint. (Complaint ¶ 26 "the right of first refusal also is a valuable mechanism for Omni to support property values and re-develop Amelia Island in an organized fashion in the event that a hurricane or other major catastrophe destroys Amelia Island, or parts

12

62168064;1

thereof, resulting in mass sales by the residents."). Moreover, Defendant while attacking the claim, actually admits that Omni has the current right of exercising the Right of First Refusal and has in the past exercised its right to First of Refusal. (Defendant Motion to Dismiss at 14.) This is another evident reason that a Declaratory Judgment is needed to clarify AIPCA's powers, and each party's rights and obligations as to the Omni Right of First Refusal as enumerated in the and Declaration and Covenants.

For the reasons above, Plaintiff respectfully request that the Court deny Defendant's Motion to Dismiss and find that it has Subject Matter Jurisdiction to resolve the matter alleged in the Complaint.

### III.    THE COMPLAINT JOINS ALL INDISPENSABLE PARTIES.

#### A.    The Legal Standard for Bringing a Declaratory Judgement Action Has Been Met.

The rule governing whether an absent party is indispensable and should have been joined is Federal Rule of Civil Procedure 19. A two-part test is employed for determining whether a particular party is indispensable. *Mims/Alafia, LLC v. Mosaic Fertilizer, LLC*, 2007 WL 2071319, at *1 (M.D. Fla. 2007) (citing *City of Marietta v. CSX Transp., Inc.*, 196 F. 3d 1300, 1305 (11th Cir. 1999); *Laker Airways, Inc. v. British Airways*, PLC, 182 F. 3d 843, 847 (11th Cir. 1999)). First, this Court must consider whether "complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's

13

62168064;1

protection of an interest at stake or subject parties to a risk of inconsistent obligations." *Id*. at 1305; (a)(1)-(2). Second, the Court must analyze whether "in equity and good conscience" the action should proceed with the parties before it. *Id.*; Fed. R. Civ. P. 19(b).

### B. The Property Owners are not an Indispensable Party to the Action.

The individual property owners are not an indispensable party to the action because Omni does not seek to change or modify any of the individual property owner's rights or obligations and complete relief can be given against the AIPCA. Specifically, this action seeks to have the Court determine the legal obligation and rights of AIPCA in its attempt to amend the Declaration and effectively eliminate Omni's Right of First Refusal and to provide injunctive relief to stop any such action, if the Court determines that AIPCA does not have that right. (Complaint ¶ 52, 53, 54, 55, 56, 57).

Further, despite how the Defendant attempts to posture this case as one against individual property owners, the question for the Court to decide is whether Omni's right, being recorded, cannot be altered via the AIPCA's calling for a vote, counting ballots to those persons to whom it chooses to send them, and then revoking the express provisions of the Declaration and Covenants that run to the benefit of the Omni, which the Omni purchased for millions of dollars, or whether the AIPCA has the right to call for and institute a removal of the right of

first refusal by vote of its members. (Complaint ¶ 9, 10). Defendant claims the lawsuit "seeks a declaration not only as to Omni and AIPCA owned properties, but as to the thousands of properties owned by all property owners within the Class 'A' and Class 'B' property designations." (Defendant's Motion to Dismiss at 17). Defendant fails to properly consider the allegations – it is the actions of the AIPCA that are at issue. Omni already owns those rights against all the real property due to the recorded deeds, covenants, and restrictions. The Court making a decision as to Count I and Count II of the Complaint will not impede the residential owners' interest in their property, and it is not the action of any individual owner that is being challenged – it is whether the AIPCA has the power it seeks to exercise. Omni contends the recorded documents and cited agreement do not give the AIPCA the power, and the AIPCA claims it does have the power. Each individual property owner already has notice that when buying their property that it was subject to Omni's right to exercise a Right of First Refusal which runs with the land. The Court's ruling would not change their rights and obligations but rather preserve them.

Moreover, the Court ruling on the Complaint will not subject the residential property owner party parties to a risk of inconsistent obligations. In fact, AIPCA's current actions of attempting to amend the Declaration poses more of a risk of

causing confusion to the property owners as to their obligations which is a reason for the complaint.

This an action in equity (Complaint ¶ 72), and requires the Court to analyze whether "in equity and good conscience" the action should proceed with the parties before it. *Mims/Alafia, LLC v. Mosaic Fertilizer, LLC*, 2007 WL 2071319. For the reasons here within, Omni respectfully requests that the Court deny the Defendant's Motion to Dismiss and hold that the action should proceed.

IV. **THE COMPLAINT STATES A VALID CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

   A. <u>Omni satisfied the mandatory pre-filing requirements for requesting a pre-suit mediation under Florida Statutes § 720.311</u>.

Omni, through its former counsel, substantially complied with the pre-filing requirements for requesting a pre-suit mediation under Florida Statutes § 720.311 by sending a letter, dated November 22, 2021, to AIPCA in an attempt to engage in mediation as alleged in the Complaint. (Complaint ¶ 47, 48). The subject matter of the letter was entitled:  "'Class 'A' and Class 'B' Covenants — Amelia Island Plantation: Cease and Desist and **Demand for Presuit Mediation.**" Moreover, the letter, in relevant parts, states: "the purpose of this correspondence is to avoid unnecessary litigation. **As such, it will serve as Omni's demand for presuit mediation pursuant to Section 720.311 of the Florida Statues** . . . Absent confirmation that the Association will take no further action pending the

completion of a presuit mediation conference, we will advise Omni to seek appropriate and immediate legal relief." (Complaint Exhibit J) (emphasis added).

Despite Omni's good faith effort to resolve this matter without judicial intervention and to engage in a pre-suit mediation, AIPCA advised Omni that AIPCA would not agree to a presuit mediation conference. (Complaint ¶ 47). After receiving AIPCA's denial to participate in a pre-suit mediation, Omni subsequently filed its Complaint. Defendant only now alleges that Omni did not comply with Section 720.311 of the Florida Statues. Further, AIPCA did not state Omni's alleged failure to comply with the Florida Statues was the basis for their denial of Omni request for presuit mediation. This is nothing more than an attempt to delay the Court from proceeding and ruling on the merits of Omni's claim.

For the reasons here within, Omni respectfully requests that the Court deny the Defendant's Motion to Dismiss and hold that Omni complaint states a valid claim and that Omni complied with Section 720.311 of the Florida Statues.

## V.  CONCLUSION.

For the foregoing reasons, the Court should deny Defendant's Motion to Dismiss. Omni's arguments are properly resolved on a motion for summary judgment or at trial.

Dated:  February 11, 2022	**AKERMAN LLP**

By: */s/ Cindy A. Laquidara*
   Cindy A. Laquidara, Esq.
   Florida Bar Number: 394246
   Email: cindy.laquidara@akerman.com
   Secondary Email: kim.crenier@akerman.com
   Howard Jay Harrington, Esq.
   Florida Bar Number: 118719
   Email: jay.harrington@akerman.com
   Secondary Email: susan.scott@akerman.com
   Ronnie C. Graham, Esq.
   Florida Bar Number: 1032153
   Email: ronnie.graham@akerman.com
   Secondary Email: susan.scott@akerman.com
   50 North Laura Street, Suite 3100
   Jacksonville, FL  32202
   Telephone: (904) 798-3700
   Facsimile: (904) 798-3730

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 11th day of February, 2022, on all counsel or parties of record via CM/ECF:

Trevor G. Hawes, Esq.
Natalie E. Fina, Esq.
Cole, Scott & Kissane, P.A.
Cole, Scott & Kissane Building
4686 Sunbeam Road
Jacksonville, Florida 32257
Trevor.hawes@csklegal.com
Natalie.fina@csklegal.com
Kimberly.dodgen@csklegal.com
Tammy.lewis@csklegal.com
Alexandra.ristevski@csklegal.com

                                                  */s/ Cindy A. Laquidara*
                                                  Attorney