UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OMNI AMELIA ISLAND LLC, a Delaware limited liability company,

    Plaintiff,

vs.

CASE NO.: 3:21-cv-01255

AMELIA ISLAND PLANTATION COMMUNITY ASSOCIATION, INC., a Florida not-for-profit corporation,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISSOLVE OR DISCHARGE LIS PENDENS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Omni Amelia Island LLC ("Omni" or "Plaintiff"), hereby responds in opposition to the Motion to Dissolve or Discharge Lis Pendens and All Amendments Filed by Plaintiff or Alternatively to Require Plaintiff to Post a Bond (Doc. 13) (the "Motion") filed by Defendant, Amelia Island Plantation Community Association, Inc. ("AIPCA"), stating in support thereof as follows:

**A.     Introduction**

As set forth in Omni's Complaint for Declaratory and Injunctive Relief (Doc. 1) (the "Complaint"), this lawsuit involves the parties' rights and obligations under the Declaration and Covenants (as those terms are defined in

62168067;1

the Complaint and the Motion), which govern all of the property within Amelia Island. Those rights and obligations include Omni's right of first refusal to purchase property, which AIPCA has attempted to eliminate. As such, Omni filed its lis pendens (Doc. 9) to, *inter alia*, put the world on notice that this right – which affects all of the property on Amelia Island – is in dispute. This is the quintessential purpose of a lis pendens.

To accomplish that purpose, Florida Statutes § 48.23 contemplates that a lis pendens provide notice of:

a. The names of the parties.
b. The date of the institution of the action, the date of the clerk's electronic receipt, or the case number of the action.
c. The name of the court in which it is pending.
d. A description of the property involved or to be affected.
e. A statement of the relief sought as to the property.

F.S. § 48.23(1)(c)(1). All of this information is readily discernible to any party that would make an inquiry, and Omni's lis pendens provides more than sufficient notice of the claims in this lawsuit affecting the property at issue.

Moreover, because Omni's claims are based on duly-recorded documents (i.e., the Declaration and Covenants), it is entitled to file a lis pendens as a matter of right. *See, e.g., Moss v. Arca Dev., Inc.*, 687 So. 2d 70, 70 (Fla. 3d DCA 1997) (reversing order discharging lis pendens "because, whatever the merits of the petitioners' claims[,] their action is 'founded on' an 'instrument,' … which was 'duly recorded' in the public records of Dade county … they are therefore

entitled to maintain a lis pendens providing record notice of this litigation, as a matter of right."). There is no legal basis for this Court to dissolve the lis pendens or to impose a bond requirement, and none of the cases cited by AIPCA apply to cause such a result. AIPCA's Motion should be denied.

**B.     The Contents of the Lis Pendens are Sufficient to Put the World on Notice of Omni's Claims, the Issues in this Lawsuit, and the Connection to the Property Affected**

AIPCA first asserts that the lis pendens is defective for failure to specify a statement of the relief sought as contemplated by Florida Statutes § 48.23. *See* Doc. 13 at 9-10. This argument fails, as this statutory dictate is designed to allow interested parties to be able to determine what the lis pendens filer seeks from the defendant. The lis pendens filed by Omni properly references the Complaint in this Court, and no one reviewing the documents of record could be unaware of what Omni seeks in this case. The issues in this action can plainly be discerned from the lis pendens and the face of the pleadings, and thus the lis pendens is sufficient as a matter of law.

The purpose of a lis pendens "is to notify prospective purchasers and encumbrances that any interest acquired by them in the property in litigation is subject to the decree of a court." *Oz v. Countrywide Home Loans, Inc.*, 953 So. 2d 619, 620 (Fla. 3d DCA 2007). As such, a lis pendens constitutes notice of all facts apparent on the face of the pleadings and of the contents of exhibits filed if they

are pertinent to the matter in issue or the relief sought. *See, e.g., Marchand v. De Soto Mortg. Co.*, 149 So. 2d 357, 359 (Fla. 2d DCA 1963) ("It is likewise a general rule that lis pendens is notice of all facts apparent on the face of the pleadings and such other facts as the pleadings would necessarily put the purchaser on inquiry.") (citing *De Pass v. Chitty*, 105 So. 148 (Fla. 1925)). Here, the lis pendens plainly references the Declaration and Covenants, which govern all of the property in Amelia Island, and serves as notice of the contents of the Complaint and thus of the relief sought by Omni in this action.

AIPCA cites to several cases purportedly supporting the proposition that a lis pendens fails to comply with the statutory requirements of Florida Statutes § 48.23 by failing to provide a statement of the relief sought. Doc. 13 at 9-10. However, the cases cited by AIPCA in support of this line of argument are inapplicable and thus are distinguishable. *See DeGuzman v. Balsini*, 930 So. 2d 752, 755 (Fla. 5th 2006) (dissolving lis pendens filed by former wife on former husband's property to recover child support, where former wife completely failed to show any grounds to assert equitable or legal title to property); *Bothmann v. Harrington*, 458 So. 2d 1163 (Fla. 3d DCA 1984) (noting that where trial court in separate action between former husband and former wife entered order dissolving lis pendens, but failed to indicate the basis therefore, dissolution *could have* been for failure to state relief sought); *Joge Investments, Inc. v.*

*Millennium Capital*, 724 So. 2d 728 (Fla. 2d DCA 1999) (dissolved lis pendens referred to specific performance of a contract, attached as Exhibit A to the complaint; however, Exhibit A to the complaint was merely a description of the real estate). Unlike the instant case, none of the citations offered by AIPCA involved a discernable right to a possessory interest in property based on duly-recorded documents described in detail in the lis pendens and complaint.

In short, a plain reading of Omni's lis pendens and the recorded documents and pleadings referenced therein clearly serves the intended purpose of putting any potential purchaser on notice of the issues in this lawsuit. AIPCA's argument that the lis pendens is deficient for failure to describe the relief sought in this case fails upon an actual reading of the lis pendens and pleadings, ignores the plain meaning of their language, and does not support the Motion based on the applicable caselaw, as discussed in further detail below.

**C.     There is No Legal Basis for Requiring the Inclusion of Every Individual Property Owner in This Action where the Recorded Notice of Lis Pendens Provides Sufficient Notice of the Issues**

AIPCA further asserts that the lis pendens must be dissolved because every property owner within the Amelia Island community has not been named as a defendant to this lawsuit. *See* Doc. 13 at 10. This argument fails for several reasons.

First, the Complaint has alleged, and the Declaration is clear, that all property owners are members of AIPCA. *See, e.g.*, Doc. 1-3 at 6 ("Every Owner shall be a member of the Association."). In this lawsuit, Omni does not seek relief as to any individual property owner, but rather, seeks a declaration of the parties' respective rights and interests under the Declaration and Covenants. To the extent this lawsuit impacts individual property owners, such impact will flow from the rights and obligations under the Declaration and Covenants that AIPCA has improperly attempted to amend, and of which notice is provided by AIPCA and by the lis pendens itself.

In its Motion, AIPCA fails to cite a single applicable case, and instead cites cases that do not address the Complaint and operative lis pendens in this action, which are based on a declaration of rights and restrictions that *is a recorded document for each and every property owner*. The cases cited by AIPCA do not involve notices of lis pendens based on *duly recorded instruments*, but rather, involve actions against property owners to set aside transfers and/or recover money damages. *See Marbin v. Cohen*, 789 So. 2d 1193 (Fla. 4th DCA 2001) (former wife filed lis pendens in connection with attempting to set aside former husband's transfer of property alleged to be marital asset); *HOPO Corp. v. Keller*, 798 So. 2d 889 (Fla. 4th DCA 2001) (*per curiam*, noting that lis pendens was filed as part of a dissolution of marriage action, and containing no reference to any

duly recorded instrument); *M.G. Marine Supply Corp. v. Foreign Trade, Inc.*, 537 So. 2d 696 (Fla. 3d DCA 1989) (lis pendens not based on any duly recorded instrument, but rather, filed in connection with impleader complaint seeking enforcement of money judgment); *Loidl v. I & E Group, Inc.*, 927 So. 2d 1016 (Fla. 2d DCA 2006) (in dissolution of marriage action, former wife filed 27 notices of lis pendens against former husband's business to prevent disposition of alleged marital assets).

Unlike the cases cited by AIPCA, Omni is not seeking to recover from the individual property owners, but rather, is seeking declaratory relief based on the duly-recorded Declaration and Covenants. Omni is thus entitled to record a lis pendens to provide notice of the property affected by this action. *Bereza v. Jones*, 566 So. 2d 345, 345 (Fla. 2d DCA 1990) ("A notice of lis pendens may be filed, as a matter of right, where the initial pleading shows that the action is founded upon a duly recorded instrument…."). AIPCA offers no reasoning why the individual property owners should be named in this case, when the actions at issue are solely those of the AIPCA, and moreover, lacks standing to argue for dissolution of the lis pendens on the individual property owners' behalf. There is basis for requiring that every individual property owner be named in this lawsuit, and the Motion should be denied.

### D. The Lis Pendens is Not Overbroad, as All Property on Amelia Island is Subject to the Declaration and Covenants

AIPCA further asserts that the lis pendens is overbroad because it covers all property on Amelia Island. *See* Doc. 13 at 11. This argument fails as well. One of the purposes of a lis pendens is that "when a suit is filed that could affect title in property, some notice should be given to future purchasers or encumbrancers of that property." *Chiusolo v. Kennedy*, 614 So. 2d 491, 492 (Fla. 1993). A lis pendens also serves to protect a plaintiff from impairment of its rights. *Id.* Thus, "a lis pendens exists as much to warn third parties as to protect the plaintiff; and the procedural requirements associated with lis pendens should advance both of these important purposes." *Id.*

Here, the property subject to the lis pendens is coterminous with the property subject to the Declaration and Covenants. This is because AIPCA's actions affect Omni's rights under the Declaration and Covenants, which govern all of the Property on Amelia Island. Thus, the description of property set forth in the lis pendens is no broader than is necessary to accomplish the dual purposes of putting third parties on notice of this litigation and protecting Omni's rights under the Declaration and Covenants.

The cases cited by AIPCA in support of this argument are inapposite. For example, the Court in *Sailfish Point, Inc. v. Sailfish Point Owners Representatives by Jaffe* merely found that a lis pendens was overbroad to the extent it referred to

injunctive relief against sale of stock in a development utility corporation, because that stock was not covered by the declaration of covenants at issue. 679 So. 2d 1283 (Fla. 4th DCA 1996). Similarly, *Coral Isle W. Ass'n, Inc. v. Cindy Realty, Inc.* simply held that where a lease provided for a lien which could be enforced against an individual apartment unit in case the owner of said apartment defaulted in the payment of the rent, a notice of lis pendens against the entire condominium complex was overbroad. 430 F. Supp. 396 (S.D. Fla. 1977).

In short, the cases cited by AIPCA involved notices of lis pendens that encompassed property beyond what was covered by the disputed documents at issue. This lawsuit concerns, *inter alia*, Omni's right of first refusal to purchase property subject to the Declaration and Covenants. Thus, the property subject to the Declaration and Covenants is properly included within the lis pendens, and the lis pendens is not overly broad.

E.  **Omni Need Not Prove a Nexus to the Litigation, But Even If Required, there is a Clear Nexus Between the Lis Pendens and This Litigation**

AIPCA next asserts that the lis pendens lacks a fair nexus to the litigation. *See* Doc. 13 at 11-12. This argument, too, is without merit, as this action is based on duly-recorded documents, so Omni need not prove any such nexus. Even if it did, however, there is a clear connection between the property covered by the lis pendens and the issues in this case.

AIPCA's argument fails from the outset because Omni's claims are based on duly recorded instruments. Thus, Omni is entitled to file a lis pendens a matter of right, without the need to further demonstrate any nexus between the property and the litigation. *See, e.g., Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc.*, 675 So. 2d 915, 917 (Fla. 1996) (concluding that, where an action is not based on a duly recorded instrument, the proponent is entitled to maintain a lis pendens where the proponent shows a "fair nexus between the property and the dispute"); *Carollo v. Henderson*, 290 So. 3d 1088, 1090 (Fla. 5th DCA 2020) ("when the plaintiff's action, as here, is **_not_** founded on a duly recorded instrument[,] but instead alleges a nexus to the affected real property … the proponent of the lis pendens has the burden of establishing a fair nexus between the claim on the property and the dispute embodied in the lawsuit.") (emphasis added); *Delta Aggregate, LLC v. Hermes Hialeah Warehouse, LLC*, 266 So. 3d 248, 249 (Fla. 4th DCA 2019) (explaining that a lis pendens "must be founded either upon a duly recorded instrument **_or_** a fair nexus between the apparent legal or equitable ownership of the property and the dispute embodied in the lawsuit") (emphasis added).

Particularly instructive on this issue is the case of *100 Lincoln Rd SB, LLC v. Daxan 26 (FL), LLC*, 180 So. 3d 134 (Fla. 3d DCA 2015). *100 Lincoln* involved an action relating to the sale of commercial space in a condominium building

brought by a potential purchaser, which was the assignee of the condominium association's right of first refusal. *Id.* The pertinent "right of first refusal on sale or transfer [was] clearly stated in [the] Declaration." *Id.* at 137. Thus, the court explained that because the lis pendens was filed "in an action which is based on a duly recorded instrument, we need not and do not address [defendant's] arguments challenging 'nexus'[.]" *Id.* Here, as in *100 Lincoln*, the lis pendens is based on, *inter alia*, a right of first refusal clearly set forth in duly-recorded documents. Thus, the Court need go no further to reject AIPCA's argument on this issue.

However, even if Omni *were* required to establish such a nexus, it clearly exists in this case. "In order to support a lis pendens, the plaintiff is not required to show a likelihood of success on the merits of the lawsuit." *Eurohome DI Soleil, LLC v. Oaks Group, Inc.*, 912 So. 2d 1271, 1272 (Fla. 4th DCA 2005). Rather, the proponent of the lis pendens must simply establish a fair nexus between its interest in the subject property and the dispute embodied in the lawsuit. *Nobe Bay Holdings, LLC v. Garcia*, 140 So. 3d 693, 695 (Fla. 3d DCA 2014); *Katz Deli of Aventura, Inc. v. Waterways Plaza, LLC*, 183 So. 3d 374, 383 (Fla. 3d DCA 2013). "This nexus requires that the plaintiff's claim could potentially grant some interest in the realty itself before a *lis pendens* can be maintained." *Katz Deli*, 183 So. 3d at 383. "If the proponent can establish a fair nexus between the apparent

11

legal or equitable ownership of the property and the dispute embodied in the lawsuit, a lis pendens cannot be dissolved." *Nobe Bay*, 140 So. 3d at 695 (Fla. 3d DCA 2014). Omni has pleaded and its lis pendens reflects that the Declaration and Covenants are recorded against each and every parcel within the Amelia Island development. As such, recording a notice against the recorded Declaration and Covenants provides notice to each property owner. In addition, each is a member of the AIPCA, who is bringing this suit. And the Court is being asked to interpret the recorded Declaration and Covenants pursuant to which the AIPCA governs and to declare those rights. As such, a fair nexus between the property and the issues in this litigation exists.

The case cited by AIPCA on this issue – *DeGuzman v. Balsini* – is distinguishable. In that case, the former wife's lis pendens was dissolved because she "completely failed to show any grounds to assert equitable or legal title to the property, nor any connection to it other than as a potential source from which to recoup child support." *DeGuzman*, 930 So. 2d at 755. Indeed, at one point, the argument by AIPCA that "under Florida law, a lis pendens is proper only where the required relief might specifically affect the property in question" (Doc. 13 at 9) makes Omni's point: Omni's recorded right of first refusal affects *all* of the property subject to the Declaration and Covenants.

12

Recording a notice that identifies the recorded document creating that right is the notice that had to be given, and therefore, was given.

Here, Omni has a right of first refusal for all property subject to the Declaration and Covenants, which such right AIPCA is attempting to eliminate. Thus, the nexus between the dispute in this lawsuit and Omni's interest in the property subject to the lis pendens is clear, and the lis pendens cannot be dissolved.

F.      **AIPCA's Arguments Based on Dismissal of this Action are Premature**

AIPCA also argues that this lawsuit is subject to dismissal because Omni failed to comply with pre-suit meditation provisions of § 720.311, Florida Statutes, and because this Court lacks subject matter jurisdiction; and that as a result, the lis pendens must be dissolved. *See* Doc. 13 at 12-13. However, there has been no determination that this lawsuit should be dismissed, and thus, this line of argument is premature and does not warrant dissolution of the lis pendens. In the event that this Court determines dismissal is appropriate, Omni should be permitted to amend its pleading and lis pendens. *Nikooie v. JPMorgan Chase Bank, N.A.*, 183 So. 3d 424, 433 (Fla. 3d DCA 2014) (noting that Fla. Stat. § 48.23 "does not preclude the plaintiff from amending its complaint, and thereby effectively amending its lis pendens.").

13

### G. No Bond Is Required

AIPCA's argument that a bond should be required is also misplaced because a bond is not required when a case is based on duly-recorded documents. There is no dispute that the Declaration and Covenants are duly recorded and that these documents apply to the Amelia Island development as a whole; moreover, there can be no dispute that this action is "based on" the Declaration and Covenants, because it is reliant upon the terms and provisions of those recorded documents. *Avalon Associates of Delaware Ltd. v. Avalon Park Associates, Inc.*, 760 So. 2d 1132, 1135 (Fla. 5th DCA 2000) (explaining that a case is "based on" a duly-recorded document when "the suit is based on the terms and provisions contained in the recorded document.").

As such, because this case is based on the duly-recorded Declaration and Covenants, there is no basis for requiring a bond in this action. *See, e.g., Panamericano of S. Dakota, Inc. v. Suncoast Bay Dev., Inc.*, 829 So. 2d 1006, 1007 (Fla. 2d DCA 2002) ("The law is clear that a trial court has no authority to impose a bond to maintain a lis pendens if the underlying action is founded on a duly recorded instrument."); *Mohican Valley, Inc. v. MacDonald*, 443 So. 2d 479, 480–81 (Fla. 5th DCA 1984) ("If a lis pendens is based on a duly recorded instrument, the court has no authority for imposing the condition of an indemnity bond in order to maintain the action.").

Even in instances where the law does not clearly provide that no bond is required, such that a bond may be permissible, the decision of whether set a bond would be discretionary. *Levin v. Lang*, 994 So. 2d 445, 446 (Fla. 3d DCA 2008). Moreover, "[t]o have a bond set, the bond proponent must show that damages may result from the lis pendens." *Id.* AIPCA has made no showing of how it would be damaged by the lis pendens, or why it would be appropriate for the Court to exercise its discretion and set a bond. Thus, there is no basis for the Court to require Omni to post a bond.

**H.   Conclusion**

"The lis pendens mechanism is not designed to aid either side in a dispute between private parties." *Adhin v. First Horizon Home Loans*, 44 So. 3d 1245, 1252 (Fla. 5th DCA 2010). "Rather, lis pendens is designed primarily to protect unidentified third parties by alerting prospective purchasers of property as to what is already on public record, *i.e.*, the fact of a suit involving property." *Id.* Omni filed its lis pendens to put the world on notice that there is a dispute regarding the parties' rights and obligations applies to the property in the Amelia Island development, which was the legal description in the duly-recorded Declaration and Covenants, which govern all of the property on Amelia Island. This is the quintessential purpose of a lis pendens, and granting the dissolution

15

sought by AIPCA is unsupported by the law or the facts alleged. AIPCA's Motion should be denied.

Dated: February 11, 2022        **AKERMAN LLP**

        By: */s/ Cindy A. Laquidara*
           Cindy A. Laquidara, Esq.
           Florida Bar Number: 394246
           Email: cindy.laquidara@akerman.com
           Secondary Email: kim.crenier@akerman.com
           Howard Jay Harrington, Esq.
           Florida Bar Number: 118719
           Email: jay.harrington@akerman.com
           Secondary Email: susan.scott@akerman.com
           Ronnie C. Graham, Esq.
           Florida Bar Number: 1032153
           Email: ronnie.graham@akerman.com
           Secondary Email: susan.scott@akerman.com
           50 North Laura Street, Suite 3100
           Jacksonville, FL  32202
           Telephone: (904) 798-3700
           Facsimile: (904) 798-3730

        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 11th day of February, 2022, on all counsel or parties of record via CM/ECF:

Trevor G. Hawes, Esq.
Natalie E. Fina, Esq.
Cole, Scott & Kissane, P.A.
Cole, Scott & Kissane Building
4686 Sunbeam Road
Jacksonville, Florida 32257
Trevor.hawes@csklegal.com
Natalie.fina@csklegal.com
Kimberly.dodgen@csklegal.com
Tammy.lewis@csklegal.com
Alexandra.ristevski@csklegal.com


                                                */s/ Cindy A. Laquidara*
                                                Attorney

62168067;1