# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

OMNI AMELIA ISLAND, LLC,
A Delaware limited liability company,
    Plaintiff,

v.                                              Case No. 3:21-cv-1255-HES-PDB

AMELIA ISLAND PLANTATION
COMMUNITY ASSOCIATION, INC.,
A Florida not-for-profit corporation,
    Defendant.
_____/

## CASE MANAGEMENT & SCHEDULING ORDER

This cause is before the Court following the Case Management Report (Doc. 20), and the Court having considered the positions of the parties, it is **ORDERED**:

1. The Court imposes these deadlines:

| | |
|---|---|
| **Discovery Deadline** | **March 27, 2023** |
| **Dispositive and *Daubert* Motions** | **April 27, 2023** |
| **Final Pretrial Conference** | **August 16, 2023 at 10:00 a.m.** |
| **Trial Term** | **October 2, 2023 at 9:30 a.m.** |

If other deadlines have been agreed to, requested, and outlined in the Case Management Report, those deadlines are controlling between the parties, but will not be set by the Court; unless a good faith dispute arises.

2. A separate mediation Order will be entered.

3. The discovery deadline is the **final** date for discovery. All discovery requests and motions must be filed so the desired discovery will be due before the discovery completion date. Any disputes requiring Court intervention shall be made by

proper motion immediately. Discovery requiring a later due date will only be permitted on Court Order or by a filed stipulation of the parties, and only where the other Court established deadlines, such as dispositive motions and trial, will not be delayed. A stipulation to the continuance of discovery anticipates no discovery disputes, therefore the Court will not hear discovery disputes arising during the stipulated continuance.

4. Motions:

    a. Motions to amend or for continuance of any pretrial conference, hearing, or trial filed after this Order are disfavored.

    b. Motions in Limine shall be filed with the Pretrial Stipulation no later than noon, seven working days before the Final Pretrial Conference.

5. The Final Pretrial Conference will be held in Courtroom 10C, 10th Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida on the date noted above.

6. Final Pretrial Meeting and Stipulation:

    a. The parties must meet the pretrial disclosure requirements and deadlines in Fed. R. Civ. P. 26(a)(3) and timely adhere to all requirements in Local Rule 3.06 about Final Pretrial Procedures.

    b. At a meeting initiated by counsel for Plaintiff(s), the lead attorneys for all parties are directed to meet in person **no later than fourteen days before the pretrial conference** and in good faith:

    i. Discuss the possibility for settlement;

    ii. Discuss the efficient presentation of the evidence and the duration of the trial;

    iii. Stipulate to as many facts and legal issues as possible;

    iv. Prepare a pretrial stipulation under this Order;

    v. Examine all exhibits and documents proposed to be used;

    vi. Exchange the names, telephone numbers, and addresses of all witnesses whom counsel actually intend to call;

    vii. Review all depositions to be offered for any purpose other than impeachment to resolve objections to the portions to be offered in evidence; and

    viii. Complete all matters which may expedite the pretrial and trial.

c. A Pretrial Stipulation **shall be filed <u>no later than noon</u> seven working days before the Final Pretrial Conference**. Two copies must be provided to Judge Schlesinger's Chambers. The Pretrial Stipulation must contain:

    i. The basis for the Court's jurisdiction.

    ii. A concise statement of the action.

    iii. A concise statement of each party's position.

    iv. For each party, a list and description of all exhibits to be introduced.

        1. Before preparing the pretrial stipulation, the parties shall meet, exchange copies of all proposed exhibits, and agree as to their

authenticity and relevancy. Each list of proposed exhibits must describe the exhibits to be admitted without objection, and the exhibits to which there will be an objection, noting by whom the objection is made (if there are multiple adverse parties), and the nature of the objection. If no agreement can be reached about certain exhibits, memoranda shall be filed as least five working days before the trial stating the parties' respective positions. Markers identifying each exhibit should be attached to the exhibits when they are shown to opposing counsel during preparation of the pretrial stipulation.

2. If a party thinks good cause exists for not disclosing exhibits to be used solely for impeachment, that party may make an **ex parte** request for a conference with the Court to make its position known **in camera**.

3. When seeking to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or any other fashion as the Court may direct. If such exhibits exist, the parties shall disclose them in the pretrial stipulation and be prepared to discuss the exhibits alleged to be privileged (or to contain trade secrets, etc.) at the pretrial conference.

4. Copies of all exhibits must be submitted to opposing counsel.

5. If this is a jury trial and counsel desires to display exhibits to the jury, then sufficient copies of the exhibits must be available to provide each juror with a copy. Alternatively, enlarged photographic or projected copies may be used.

6. Only exhibits in the exhibit list in the pretrial stipulation and/or for which memoranda have been submitted shall be used at trial, unless the Court orders otherwise.

7. **A bench book of exhibits shall be delivered to Judge Schlesinger's Chambers five working days before the trial**.

8. On the first day of trial, a list of exhibits properly marked for identification which counsel desires to use during trial must be submitted to the Court.

9. A list of each witness by name only with a notation of:

    a. A good faith indication of the witnesses who **will** be called absent reasonable notice to opposing counsel and the witnesses that **may** be called.

    b. Each objection to the witness's testifying.

    c. The witnesses' addresses and a statement of the general subject matter of their testimony—it is insufficient to designate the witness as "fact," "medical," or "expert."

    d. Any witness not included in the list may not testify unless agreeable to all parties and their addition does not affect the trial date. This restriction does not apply to rebuttal witnesses or documents when necessity cannot be reasonably anticipated.

10. A list of each expert witness, with a notation of:

    a. the substance of the testimony,

    b. each objection to the witness's testifying, and

    c. Counsel shall certify they have exchanged expert reports. Expert witnesses whose reports have not been furnished opposing counsel may not testify to opinions not included in the reports timely furnished. Except for good cause shown, the Court will permit no witness to testify unless there has been compliance with this and prior Court Orders.

11. A concise breakdown of the type and amount of monetary damages. Whenever special damages are sought, they must be itemized with particularity.

12. For each party, a list of all deposition testimony to be offered into evidence in lieu of live testimony, unless the deposition is only for impeachment;

    a. Before trial, the parties shall meet and agree as to eliminating all irrelevant and repetitive matter and all colloquy between counsel in the depositions.

    b. The parties shall, in good faith, attempt to resolve all objections to testimony.

    c. If objections cannot be resolved, the parties shall file **no later than five working days before trial**, a memorandum identifying the portions of the deposition, the grounds for objection, and statements of authorities supporting their positions.

13. A concise statement of each admitted fact requiring no proof at trial, with any specific reservations directed to such admissions.

14. A concise statement of each agreed principle of law, including agreements reached under Fed. R. Evid. 502.

15. A concise statement of each issue of fact without incorporating another paper.

16. A concise statement of each issue of law, without incorporating another paper, which *remains for Court determination*.

17. A statement of the usefulness of further settlement discussions.

18. In non-jury cases, the parties shall, at least five working days before trial, submit to the Court a summary of:

    a. What each party intended to prove; and

    b. Convey the deposition testimony, including, where appropriate, particular page and line references.

19. Each party shall submit a list and brief description of any charts, graphs, models, schematic diagrams, and similar objects which, although not to be offered in evidence, counsel intends to use in opening statements or closing arguments. The stipulation must contain a statement that the parties do not object to using the listed objects for such purpose or a statement of the objections to their use. There must also be a statement that if any other such objects are to be used, they will be submitted to opposing counsel at least ten days before trial. If there is opposition to the object's use, the dispute must be submitted to the Court at least five working days before trial.

20. Whenever an issue involves the following it should be specified with particularity: the seaworthiness of a vessel or the alleged unsafe condition of property; the negligence of the Defendant or the contributory or comparative negligence of the Plaintiff; personal injuries, the nature and extent of the injuries and of any alleged disability; the alleged breach of a contractual obligation, the act or omissions relied upon as constituting the

claimed breach; the meaning of a contract or other writing, all facts and circumstances surrounding before and after execution, both those admitted and those in issue, which each party contends aid interpretation; duress, fraud or mistake and the facts and circumstances relied upon as constituting the claimed duress, fraud or mistake; and if conspiracy is charged, the facts and circumstances constituting the conspiracy.

21. A list of all motions or other matters requiring Court action.

22. A concise statement of any disagreement as to the application of the Federal Rules of Evidence or of Civil Procedure.

23. A realistic estimate of the number of trial days required. If counsel cannot agree upon the number of trial days required, the estimate of each side should be given.

24. A statement indicating if the case is a jury or non-jury case. If a jury trial case, the parties must indicate if the jury trial applies to all aspects of the case or only to certain issues.

25. A statement describing any other matters that might expedite the case's disposition.

26. The pretrial stipulation must contain the signatures of counsel for all parties and/or any *pro se* party, and these must follow these statements: "The possibility of settlement was

considered. In preparing this final pretrial statement, I have aimed for the just, speedy, and inexpensive resolution of this action. This pretrial stipulation has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, before signing. Hereafter, this stipulation will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

7. This case is set for **bench trial** in Courtroom 10C, 10th Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida, during the trial term commencing **on the date specified above**.

   a. Trial Brief or Memorandum: No later than **five working days before the trial term**, or at such other time as the Court may direct, each party shall file with the Clerk and opposing counsel and send two copies directly to Judge Schlesinger's Chambers:

      i. A trial brief or memorandum with authorities and arguments supporting counsel's position on all disputed issues of law; and

   b. In a non-jury trial case, *proposed* findings of facts and conclusions of law.

8. **Failure by counsel or an unrepresented party to appear at the Final Pretrial Conference or to Comply with the Requirements of this Order will subject the**

**party or attorney to appropriate sanctions under the rules, and may cause dismissal or striking of all pleadings of the failing party or person**.

9. All meetings of counsel, including the Final Pretrial Conference, shall be attended by counsel who will participate in the trial and who is vested with full authority to make and solicit disclosures and agreements touching all matters pertaining to trial to accomplish the intended purposes of the pretrial procedure.

10. If the dates set in this Order for Final Pretrial Conference and/or trial are continued or otherwise modified, the remaining provisions of this Order shall remain in full force and effect.

**DONE and ORDERED** at Jacksonville, Florida, this 23rd day of February 2022.

**HARVEY E. SCHLESINGER**
United States District Judge

By:  /S/ Timothy P. Luksha
Timothy P. Luksha
Courtroom Deputy/Jury Clerk

Copies to:
Cindy Laquidara, Esq.
Howard Harrington, Esq.
Ronnie Graham, Sr., Esq.
Trevor Hawes, Esq.
Natalie Fina, Esq.