UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OMNI AMELIA ISLAND, LLC,

    Plaintiff,

v.                                            Case No. **3:21-cv-1255-HES-PDB**

AMELIA ISLAND PLANTATION
COMMUNITY ASSOCIATION, INC.,

    Defendant.
_____/

## ORDER

    **THIS CAUSE** is before the Court on Amelia Island Plantation Community Association, Inc. (Amelia Island)'s Motion to Dismiss (Doc. 12) and Motion to Dissolve or Discharge Lis Pendens (Doc. 13). Omni Amelia Island, LLC (Omni) has filed oppositions to the motions (Docs. 18 and 19).

    Amelia Island brings its Motion to Dismiss pursuant to Rules 12(b)(1), 12 (b)(6) and 12 (b)(7) of the Federal Rules of Civil Procedure. Defendant's motion asserts: 1) the Complaint fails to allege subject matter jurisdiction under the Declaratory Judgment Act; 2) the Complaint fails to join indispensable parties; and (3) the Complaint fails to state a claim.

    The Court need only address one of Amelia Island's dismissal arguments. Amelia Island contends Omni failed to state a claim because it

1

did not satisfy a mandatory pre-suit filing requirement (Doc. 12, pages 20-23). Specifically, Omni failed to seek mediation in accordance with Fla. Stat. § 720.311, which addresses alternative dispute resolution in certain types of cases.

Omni's Complaint includes an attached and incorporated letter as Exhibit F to support paragraph number 47's allegation that it satisfied the mandatory pre-suit mediation procedure pursuant to Florida Statutes § 720.311(2), which concerns certain disputes between an association and a parcel owner (Doc. 1, page 16). Amelia Island asserts the letter "bears little, if any, resemblance to the mandatory language of the mandatory presuit mediation offer letter required by statute"(Doc. 12, page 23).[1]

First, a federal court must enforce a jurisdictional bar that applies to the plaintiff's claim in state court. *Fox v. Ritz-Carlton Hotel Co., L.L.C.*, 977 F.3d 1039, 1051 (11th Cir. 2020); *see also Shipman v. United States*, No. 5:15-cv-133-WTH-CJL, 2017 WL 5736230, at *2 (N.D. Fla. Nov. 27, 2017)(citing *Woods v. Holy Cross Hosp.*, 591 F.2d 1164 (5th Cir. 1979)).

Second, Omni has failed to comply with the mandatory provisions of

---

[1] The Court may consider extrinsic documents that are central to the complaint and where the authenticity of the document is unchallenged. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

2

§ 720.311. Fla. Stat. § 720.311. The statute requires a written presuit mediation demand "in substantial conformity" with the statute's suggested form. § 720.311(2)(b). The form is several paragraphs and must contain, *inter alia*, a notice of cost sharing, certain deadlines and a list of suggested mediators. The bottom of the form requires the signature of the responding party and the statute lists mailing requirements. § 720.311(2)(a). Omni's letter does not contain any of these elements. Amelia Island's motion is due to be granted.

Further, as Amelia Island argues, dismissal requires the dissolution of the lis pendens. *Bedasee v. Franklin*, No. 2:16-cv-576-FtM-99MRM, 2017 WL 519095, at *3 (M.D. Fla. Feb. 8, 2017)(Lis pendens discharged when the action no longer affects the subject property, citing *Beefy King Int'l, Inc. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir. 1972)).

Accordingly, it is **ORDERED**:

1. Amelia Island's Motion to Dismiss (Doc. 12) and Motion to Dissolve or Discharge Lis Pendens (Doc. 13) are **GRANTED**;

2. This case is dismissed **without prejudice**;

3. The Lis Pendens in this case and its amendments (Docs. 2, 6 and 9) are hereby **discharged**; and

4. The clerk is directed to close this case.

**DONE and ENTERED** at Jacksonville, Florida, this 21st day of April, 2022.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Cindy A. Laquidara, Esq.
Howard Jay Harrington, Esq.
Ronnie Charles Graham, Sr., Esq.
Trevor Hawes, Esq.
Natalie Eve Fina, Esq.

4